## CONNOR v. ATWOOD et al.

*(Supreme Court, Special Term, New York County. February, 1889.)*

1. MORTGAGE—WHAT CONSTITUTES.
    W. executed a deed to A., and at the same time A. executed an instrument called a "declaration of trust," but invalid as such, by which he undertook to finish certain buildings then being constructed on the property, and, after being reimbursed therefor and paid for his services, to reconvey the property to W. *Held*, that equity would treat the transaction as a mortgage, and compel A. to reconvey on payment of the amount due him under the agreement.[1]

2. SAME—RIGHTS OF MORTGAGOR'S ASSIGNEE.
    Though an assignment from W. to plaintiff may not have been sufficient to transfer to plaintiff the right to maintain the action, yet where W. is made a party defendant, and interposes no defense, there is no objection to granting the proper equitable relief.

Action for accounting and reconveyance, brought by Mary A. Connor against Daniel T. Atwood et al.

*A. P. Chalmers*, for plaintiff. *Henry Broadhead*, for defendant Atwood.

INGRAHAM, J. By the execution and delivery of the deed of December 12, 1885, from the defendant Wilson to Atwood, the title of the property described in that deed passed from Wilson to Atwood, and the legal title vested in him, and by the execution of the instrument called a "declaration of trust," executed on the same day with the deed, Atwood agreed to hold the property in trust for certain purposes. These two papers were delivered, and then placed in the possession of Mr. Sands, who was to record the same when he thought proper. As between the parties, this transaction vested the legal title absolutely in Atwood. He became the legal owner, subject to whatever right the defendant Wilson had under the instrument called the "declaration of trust." That instrument, however, was not sufficient to constitute a valid trust. The purposes therein named are not among those designated in section 55 of the statute of uses and trusts, for which an express trust may be created, and it did not, therefore, qualify the absolute title that vested by the execution and delivery of the deed in Atwood. It was the evident intent of the parties, as shown by this instrument, that Atwood should proceed to finish the buildings then being erected upon the property, and that after the buildings had been finished, and the amount of money required therefor had been paid or satisfactorily provided for, and upon payment to him of the compensation for his services that had been agreed upon between the parties, to reconvey the property to the defendant Wilson. The legal effect of the deed and this

---

[1] As to what constitutes a mortgage, see Haas v. Nanert, 2 N. Y. Supp. 723, and note; O'Neal v. Seixas, (Ala.) 4 South. Rep. 745, and note; Marshall v. Thompson, (Minn.) 39 N. W. Rep. 309, and note; Hart v. Eppstein, (Tex.) 10 S. W. Rep. 85; Chandler v. Chandler, (Iowa,) 41 N. W. Rep. 319.

instrument together was therefore to make the deed, although absolute upon its face, a mortgage to secure the repayment to Atwood of the money that he should be compelled to advance for the completion of the building, and the amount of any indebtedness that he should be compelled to incur for that purpose, and the compensation that he was to receive for his services.    The relation was not one of trustee and *cestui que trust*, but rather that of mortgagor and mortgagee, and this relation was the one that the parties bore to each other on the execution of the deed on the 7th of October, 1886.    I do not think that the execution of this deed changed the relations that existed between the parties, or that it was the understanding that at that time the defendant Atwood should hold any different relation to the property than he had held before.    The evidence is entirely satisfactory that this deed was given for the purpose of vesting in the defendant Atwood the title to the property for the purpose of making the mortgage that was executed at that time, and it was the intent of the parties that the title so conveyed to Atwood should be held by him subject to the same right of the defendant Wilson to have the property reconveyed to her on payment of the amount expended for the erection of the buildings, as provided for by the instrument designated as the "declaration of trusts."    It is well settled that where a deed, though absolute on its face, was in fact a mortgage, a court of equity can treat it as a mortgage, and the fact that the deed was in fact intended as a mortgage can be proved by parol.    Nor have the subsequent acts of the parties changed that relation, or interfered with the right of the defendant Wilson to enforce the agreement between the parties.    The only action, however, that defendant Wilson had, was an action to have the deed, though absolute on its face, declared a mortgage, and that the amount due thereon, if any, ascertained, and on the payment thereof have a reconveyance of the property mortgaged.    This action must be brought by the owner of the fee of the property subject to the mortgage, for on the payment of the amount due to Atwood the defendant Wilson became the owner of the property, and she would then become entitled to a reconveyance.    It is very doubtful whether the assignment to the plaintiff is sufficient to transfer to plaintiff the right to maintain this action.    Mrs. Wilson, the grantor in the deed, is, however, a party to the action.    She has not interposed a defense, and will be bound by the judgment.    The complaint alleges that the amount due to Atwood has been in fact paid, and asks for an accounting by Atwood, and that he be required to reconvey the property to plaintiff, and, as defendant Wilson has made no objection to a reconveyance to plaintiff in case one is decreed, I can see no reason why the relief to which the parties are entitled cannot be awarded in this action.    There should therefore be an interloctuory judgment, referring it to a referee to ascertain the amount due, if any, to Atwood; and, on the payment of that amount to Atwood, that he reconvey the property in question to the plaintiff; the question of costs to be reserved until the final judgment.    Findings and judgment to be settled on notice.